IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOIS ROSEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 19-4971 |
| | § | |
| NORDSTROM, INC. | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Nordstrom, Inc. files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and hereby removes this case from the District Court of Harris County, Texas to the United States District Court for the Southern District of Texas and would respectfully show the Court as follows:

## I.
## PARTIES

1.      Plaintiff Lois Rosen ("Rosen" or "Plaintiff"), is an individual domiciled in the state of Texas. For purposes of diversity of citizenship, Plaintiff Rosen is a citizen of Texas.

2.      Defendant Nordstrom, Inc. ("Nordstrom" or "Defendant") is a for-profit corporation incorporated under the laws of the State of Washington with its principal place of business in Seattle, Washington. For purposes of diversity of citizenship, Nordstrom is a citizen of Washington and is not a citizen of Texas.

## II.
## STATE COURT ACTION

3. On November 26, 2019, Plaintiff filed suit against Defendant in the 127th District Court of Harris County, Texas, Cause No. 2019-84876, styled *Lois Rosen v. Nordstrom, Inc.* (the "State Court Action"). Plaintiff alleges that she slipped and fell at a Nordstrom location and asserts negligence and/or premises liability against Defendant. Ex. B-1, Pl.'s Orig. Pet. at 3-4. Defendant filed its answer in the State Court Action on December 20, 2019. Ex. B-4.

## III.
## BASIS FOR REMOVAL

4. The State Court Action is removable pursuant to 28 U.S.C § 1441(a), (b) and 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

**A. Diversity Citizenship**

5. This lawsuit is a civil dispute between a plaintiff who is a citizen of this state and a defendant who is a citizen of a different state. Plaintiff is an individual and a citizen of Texas. Defendant is a citizen of Washington, its place of incorporation and principal place of business. *See* Ex. B-1, Pl.'s Orig. Pet. at 1; *see also* Ex. D, Declaration of Lisa M. Vanderdasson ("Vanderdasson Dec.") ¶ 3.

6. Plaintiff's Petition admits that Defendant is a foreign corporation. *See* Ex. B-1, Pl.'s Orig. Pet. at 1. For purposes of diversity citizenship, a corporation can only have one principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). This is the place where a corporation's officers direct, control, and coordinate

the corporation's activities," which should normally be the corporation's headquarters. *Id.*

7. Here, Defendant's headquarters and *principal* place of business is located in Seattle, Washington; not in Texas. Ex. D, Vanderdasson Dec. ¶ 3. Thus, there is, and was at all times relevant to this Notice (including the time of initiation of the suit in state court, service of the Petition, and the filing of this Notice), complete diversity of citizenship between Plaintiff and Defendant. *See* 28 U.S.C. § 1332(c)(1).

### B. Amount in Controversy

8. The amount in controversy, exclusive of costs and interest, exceeds $75,000. *See* 28 U.S.C. 1332(a). Plaintiff's Petition states that she seeks "relief over $1,000,000 but less than $2,000,000." Ex. B-1, Pl.s Orig. Pet., 2. Thus, it is apparent from the face of Plaintiff's Petition that the amount in controversy exceeds $75,000. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

9. Because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, this Court has jurisdiction and removal is proper. With this Notice, Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction.

### IV.
### COMPLIANCE WITH REMOVAL REQUIREMENTS

10. This Notice is timely filed under 28 U.S.C. § 1446(a), (b) within thirty days of December 2, 2019, the date Defendant was first served with process and a copy of the State Court Action. *See* Ex. D, Vanderdasson Dec. ¶ 4, Ex. E-1. This

Notice is also filed within one year of the filing of the Petition, which was filed on November 26, 2019.

11. Removal to this Court is proper because the State Court Action was pending in a Judicial District Court of Harris County, Texas. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court for purposes of removal only because it is the district and division embracing the place where the State Court Action is pending.

12. Pursuant to Local Rule 81 and 28 U.S.C. § 1446(a), the following items are filed simultaneously herewith and incorporated herein by reference:

- Exhibit A: Copy of the State Court Action Docket Sheet;
- Exhibit B: Index of Documents Filed in the State Court Action;
- Exhibits B-1 through B-4: copies of the documents filed in the State Court Action, including all process, pleadings, and orders; and
- Exhibit C: A list of all counsel of record, including addresses, telephone numbers and parties represented.

13. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a true and correct copy of this Notice and all exhibits with the Clerk of the 127th District Court of Harris County, Texas, thus giving notice that such court may proceed no further with respect to this action. Defendant will also promptly provide Plaintiff with written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d).

14. In filing this Notice, Defendant does not waive, and expressly reserves, the right to assert any and all challenges and objections to service, personal jurisdiction, and any defenses, exceptions, rights, or motions in connection with Plaintiff's claims.

## V.
## CONCLUSION

Removal is proper because this Court has diversity jurisdiction under 28 U.S.C. § 1332. Thus, Defendant Nordstrom, Inc. respectfully requests that the Court maintain this action in the United States District Court for the Southern District of Texas, Houston Division, and grant Defendant such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ Tate L. Heming*son
**CLARK HILL STRASBURGER**

**ELIZABETH B. KAMIN**
Texas Bar No. 02620900
bkamin@clarkhill.com
909 Fannin Street, Suite 2300
Houston, Texas 77010
Telephone:  713-951-5600
Facsimile: 713-951-5660

**TATE L. HEMINGSON**
Texas Bar No. 24064370
themingson@clarkhill.com
**ELIZABETH F. GRIFFIN**
Texas Bar No. 24092450
lgriffin@clarkhill.com
901 Main Street, Suite 6000
Dallas, Texas  75202
Telephone: 214-651-4300
Facsimile: 214-651-4330

**ATTORNEYS FOR DEFENDANT NORDSTROM, INC.**

## **CERTIFICATE OF SERVICE**

On December 21, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Tate L. Hemingson*
**TATE L. HEMINGSON**