# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOIS ROSEN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 19-4971 |
| NORDSTROM, INC. | § § | |
| Defendant. | § § § | |

# EXHIBIT B

## INDEX OF DOCUMENTS FILED IN STATE COURT

| Exhibit | Document | Date Filed in State Court |
|---|---|---|
| B-1 | Plaintiff's Original Petition | 11/26/2019 |
| B-2 | Citation and Certified Mail Tracking | 11/26/2019 |
| B-3 | Certified Mail Receipt | 12/03/2019 |
| B-4 | Defendant's Original Answer | 12/20/2019 |

# EXHIBIT B-1

11/26/2019 11:08 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38809349
By: Joshua Carroll
Filed: 11/26/2019 11:08 AM

## 2019-84876 / Court: 127

Cause No. _____

| | | |
|---|---|---|
| LOIS ROSEN, PLAINTIFF | § § § § § | IN THE DISTRICT COURT OF |
| V. | § § § | HARRIS COUNTY |
| NORDSTROM, INC., DEFENDANT | § § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff, LOIS ROSEN, hereinafter called "Plaintiff', complaining of Defendant, NORDSTROM, INC., hereinafter called "Defendant and/or NORDSTROM, respectively," and for cause of action Plaintiff would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 2.

### PARTIES

Plaintiff is an individual residing in HARRIS County, Texas.

Defendant, NORDSTROM, INC., is a Foreign Corporation doing business in the State of Texas for the purpose of profit and may be served with process and citation by serving its registered agent: Corporate Creations Network, Inc. 5444 Westheimer, Suite 1000, Houston, Texas 77056. SERVICE IS REQUESTED VIA CERTIFIED U.S. MAIL, RETURN RECIEPT REQUESTED, ISSUED BY THE HARRIS COUNTY DISTRICT CLERK.

### MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer' and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such

"corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because Plaintiff seeks money damages within the jurisdictional limits of this court.

Venue of this lawsuit is proper in HARRIS County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE S 15.002 (a)(l) et. al. in that HARRIS County is the County wherein the events giving rise to this suit occurred.

The amount of the Plaintiff's damages is substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering and mental anguish in the past and future, past and future physical impairment, and future lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damage is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damage, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate her. However, and only because the Defendants have demanded to know the maximum amount that the Plaintiff could be entitled to, at this time pursuant to Texas Rule of Civil Procedure 47, Plaintiff specifies and pleads to the court only that she is seeking relief over $1,000,000 but less than $2,000,000.

## FACTS

On or about November 30, 2017, during normal business hours, Plaintiff entered upon the Defendant NORDSTROM's business premises; located at 5000 Westheimer, Houston, Texas, The Houston Galleria. Based upon information and belief, NORDSTROM'S owned the premises. Defendant maintained control of the the premises where the incident occurred.

Defendants extended an open invitation to the public, including Plaintiff, to enter the premises and purchase goods and services being sold by the Defendants. Plaintiff

entered the premises for the purpose of purchasing goods and shopping. Accordingly, Plaintiff was a business invitee to whom Defendant owed the duty to use ordinary care in making its premises reasonably safe and/or warning the Plaintiff of any dangerous conditions and/or activities existing upon said premises. On the occasion in question, as she was shopping, Plaintiff LOIS ROSEN slipped on a dislodged security device that is normally attached to clothing. Her foot slipped from under her causing her to fall violently to the floor, injuring herself. It was later noticed by Plaintiff that a portion of the security device was attached to the bottom of Plaintiff's shoe. Plaintiff's fall discussed above proximately caused the injuries and damages more specifically described herein.

## NEGLIGENCE/PREMISES LIABILITY

On the occasion in question, the Defendant, acting through its agents, servants, and/or employees who were at all times acting within the course and scope of their employment committed acts and/or omissions that constituted negligence which proximately caused the incident in question; to wit:

1. In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises;

2. In failing to correct the unreasonably dangerous condition which was created by the dislodged clothing security device laying upon the premises in question;

3. In failing to warn invitees, including the Plaintiff of the dislodged clothing security device laying upon the premises and dangerous condition of the premises in question;

4. In failing to properly inspect the premises in question to discover the unreasonably dangerous condition created by the dislodged security device in question;

5. In failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe;

6. In failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe;

7. In creating the condition;

8. In failing to enforce proper policies, rules, and/or procedures to make its premises reasonably safe;

9. In failing to properly warn the public of a security device upon the floor;

10. In failing to inspect the floor upon the premises; and

11. In failing to properly remove security devices and/or properly install security devices upon clothing offered for sale.

Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit, and the Plaintiff's injuries and damages pled herein.

## DAMAGES

As a proximate cause of the Defendant's negligence, Plaintiff has sustained the following damages:

(1) Medical, hospital, and pharmaceutical charges and expenses in the past;

(2) Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

(3) Pain and suffering in the past;

(4) Pain and suffering that, in reasonable probability, will be suffered in the future;

(5) Mental anguish suffered in the past;

(6) Mental anguish that, in reasonable probability, will be suffered in the future;

(7) Disability and impairment in the past;

 (8) Disability and impairment that, in reasonable probability, will occur in the future;

 (9) The loss and/or reduction of earnings and/or earning capacity sustained by the Plaintiff from the date of the occurrence in question up to the time of trial and will suffer in to the future;

 (10) Physical disfigurement in the past and future; and

 (11) Loss of enjoyment of life in the past and future.

Based on the above enumerated injuries and damages which were caused by the negligent acts and/or omissions of the Defendant, the Plaintiff pleads for actual damages in an amount that the jury deems reasonable under the circumstances which exceed the minimum jurisdictional limits of the Court.

## RULE 194 REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is hereby requested to disclose, within fifty (50) days of service of this Petition and this request, the information or material described in Rule 194.2(a)-(1).

## JURY DEMAND

Plaintiff demands trial by jury and tenders the required fees herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests that the Defendant be cited to appear and answer herein, and that upon a final hearing hereof, the Plaintiff have judgment against the Defendant(s), individually, jointly, and severally, for actual damages in an amount the jury deems reasonable under the circumstances which is in excess of the minimum jurisdictional limits of the Court together with pre-judgment interest, post-judgment interest, costs of court, and for such other and further relief to which the Plaintiff may be justly entitled.

Respectfully Submitted,

Glaze | Garrett, P.L.L.C.


_s/ Jordan Glaze_
Jordan A. Glaze
Texas Bar No. 24059826
Josh Garrett
Texas Bar No. 24067616
P.O. Box 1599
Gilmer, Texas 75644
T: 903-843-2323/ F: 888-511-1225
J.Glaze@glazegarrett.com
**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT B-2

**7018 1830 0001 4427 6031**

CAUSE NO. 201984876

RECEIPT NO.                            75.00     CTM
\*\*\*\*\*\*\*\*\*\*                 TR # 73700417

PLAINTIFF: ROSEN, LOIS
     vs.
DEFENDANT: NORDSTROM INC

In The    127th
Judicial District Court
of Harris County, Texas
127TH DISTRICT COURT
Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: NORDSTROM INC (A FOREIGN CORPORATION)
    MAY BE SERVED WITH PROCESS BY SERVING ITS REGISTERED AGENT
    CORPORATE CREATIONS NETWORK INC

    5444 WESTHEIMER SUITE 1000   HOUSTON TX   77056
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 26th day of November, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 26th day of November, 2019, under my hand and seal of said Court.

Issued at request of:
GLAZE, JORDAN ANDREW
PO BOX 1599
GILMER, TX 75644
Tel: (903) 843-2323
Bar No.: 24059826

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: DELGADO, JASON MATTHEW   C6X//11389728

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
to the following addressee at address:

(a) ADDRESSEE

ADDRESS

Service was executed in accordance with Rule 106
    (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

**RECORDER'S MEMORANDUM**
This Instrument is of poor quality
at the time of Imaging.

N.INT.CITM.P                                   \*73700417\*

7018 1830 0001 4427 6031

CAUSE NO. 201984876

RECEIPT NO.                                                    75.00      CTM
*********                           TR # 73700417

PLAINTIFF: ROSEN, LOIS
       vs.
DEFENDANT: NORDSTROM INC

In The    127th
Judicial District Court
of Harris County, Texas
127TH DISTRICT COURT
Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: NORDSTROM INC (A FOREIGN CORPORATION)
    MAY BE SERVED WITH PROCESS BY SERVING ITS REGISTERED AGENT
    CORPORATE CREATIONS NETWORK INC

    5444 WESTHEIMER SUITE 1000    HOUSTON TX    77056

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>26th day of November, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 26th day of November, 2019, under my hand and seal of said Court.

Issued at request of:
GLAZE, JORDAN ANDREW
PO BOX 1599
GILMER, TX 75644
Tel: (903) 843-2323
<u>Bar No.</u>: 24059826

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: DELGADO, JASON MATTHEW    C6X//11389728

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
to the following addressee at address:

_____

_____
(a) ADDRESSEE

ADDRESS

Service was executed in accordance with Rule 106
   (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P                                                 *73700417*

# EXHIBIT B-3

**Case Number: 2019-84876**

**Court: 127th**

```
F I L E D
Marilyn Burgess
District Clerk
DEC 03 2019
Time: _____
        Harris County, Texas
By _____
            Deputy
```



RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

# EXHIBIT B-4

12/20/2019 9:07 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39417830
By: CAROL WILLIAMS
Filed: 12/20/2019 9:07 AM

Cause No. 2019-84876

| | | |
|---|---|---|
| **LOIS ROSEN,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **NORDSTROM, INC.,** | § | |
| | § | |
| Defendant. | § | |
| | § | **127th JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Nordstrom, Inc. ("Nordstrom") files this its Original Answer to the Original Petition of Plaintiff Lois Rosen, and would respectfully show as follows:

## I.
## GENERAL DENIAL

Nordstrom asserts a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure, and denies each and every material allegation contained in Plaintiff's Original Petition and all subsequent amended petitions and requires strict proof thereof. Nordstrom denies that it is liable to Plaintiff under any legal theory or cause of action and further demands that Plaintiff be required to prove her claims and allegations by the appropriate burdens of proof, as is required by the Constitution, statutes and laws of the State of Texas and the Texas Rules of Civil Procedure.

## II.
## AFFIRMATIVE DEFENSES

1.  Pleading further and/or in the alternative, and without waiving or limiting the foregoing, Nordstrom would show that Plaintiff's damages, if any, are

the result of conditions not caused in whole or in part by any act or omission of the part of Nordstrom.

2. Pleading further and/or in the alternative, and without waiving or limiting the foregoing, Nordstrom would further show that the negligence and/or other conduct of the Plaintiff was the sole proximate cause, or in the alternative, a proximate cause of the matters about which Plaintiff complains in her Original Petition. Nordstrom thus pleads contributory negligence, comparative fault, and proportionate responsibility as to the causes of action pleaded by Plaintiff.

3. Pleading further and/or in the alternative, and without waiving or limiting the foregoing, Nordstrom would show that Plaintiff has failed to mitigate her damages.

4. Pleading further, without waiving or limiting the foregoing, Nordstrom reserves the right to amend its Answer.

## III.
## PRAYER FOR RELIEF

Defendant Nordstrom, Inc. therefore requests that Plaintiff Lois Rosen's claims be denied, and Plaintiff take nothing by her Petition and that Defendant be discharged, released and recover its costs. Defendant further prays for such other relief, both general and special, at law and in equity, to which this Defendant may show itself justly entitled.

Respectfully submitted,

*/s/ Tate L. Hemingson*
**CLARK HILL STRASBURGER**

**ELIZABETH B. KAMIN**
Texas Bar No. 02620900
betsy.kamin@clarkhillstrasburger.com
909 Fannin Street, Suite 2300
Houston, Texas 77010
Telephone: 713-951-5600
Facsimile: 713-951-5660

**TATE L. HEMINGSON**
State Bar No. 24064370
tate.hemingson@clarkhillstrasburger.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
elizabeth.griffin@clarkhillstrasburger.com
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: 214-651-4300
Facsimile: 214-651-4330

**ATTORNEYS FOR DEFENDANT NORDSTROM, INC.**

Unofficial Copy Office of Marilyn Burgess District Clerk

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on December 20, 2019, a true and correct copy of the foregoing was forwarded to all known counsel in compliance with Texas Rules of Civil Procedure 21 and 21a as follows:

***Via E-File:***
Jordan A. Glaze
Josh Garrett
j.glaze@glazegarrett.com
Glaze Garrett, PLLC
P.O. Box 1599
Gilmer, Texas 75644
Fax: (888) 511-1225

*Attorneys for Plaintiff*

/s/ Tate L. Hemingson
**TATE L. HEMINGSON**